Austin Nichter (SBN 289253)
Andrew S. Parslow (SBN 332916)
FELDSOTT & LEE, A LAW CORPORATION
23161 Mill Creek Drive, Suite 300
Laguna Hills, CA 92653
(949) 729-8002

Attorneys for Plaintiff,
WAYNE D. DABNEY



FILED
OCT 24 2022
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA – SAN FERNANDO VALLEY DIVISION

In re:

JOSHUA ARTHUR HAMRELL AND WAYNE D. DABNEY

CASE NO. 1:11-bk-13423-MT
CHAPTER: 7

---

WAYNE D. DABNEY, an individual,

Plaintiff,

vs.

JOSHUA ARTHUR HAMRELL, an individual,

Defendant.

ADV. NO.: 1:11-ap-01355-MT

**PLAINTIFF WAYNE D. DABNEY'S NOTICE OF MOTION AND MOTION FOR ORDER TO GARNISH NON-DEBTOR SPOUSE'S WAGES; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: December 5, 2022
Time: 11:00 A.M.
Location: 21041 Burbank Boulevard,
Suite 324 / Courtroom 302
Woodland Hills, CA 91367

To defendant JOSHUA ARTHUR HAMRELL, his attorney of record, and non-debtor spouse Anna Hamrell:

NOTICE IS HEREBY GIVEN that on December 5, 2022 at 11:00 a.m., or as soon thereafter as the matter may be heard in the of the above captioned court located at 21401 Burbank Boulevard, Suite 324/Courtroom 302, Woodland Hills, CA 91367, Plaintiff WAYNE D. DABNEY will, and hereby does, move for an order to garnish wages of the non-debtor spouse of Defendant JOSHUA

ARTHUR HAMRELL. The motion will be made on the grounds that a non-debtor spouse's earnings are community property under California law that may be assigned to satisfy a judgment against a spouse.

The motion will be based on this notice of motion, on the declaration of Austin Nichter, and the supporting memorandum served and filed herewith, on the records and files herein, and on such evidence as may be presented at the hearing of the motion.

Respectfully submitted,

Dated: October 21, 2022

                                    FELDSOTT & LEE

                                    BY: *Austin Nichter*
                                    Austin Nichter
                                    Attorney for Plaintiff

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff received a judgment against Defendant Joshua Hamrell on January 30, 2012, awarding damages in the amount of $375,000.00. (Nichter Decl. ¶ 3, Exhibit "A"). On January 18, 2022, Plaintiff received a renewal of judgment in the County of Los Angeles. (Nichter Decl. ¶ 4, Exhibit "B").

Over the past decade, Plaintiff has been unsuccessful in his attempts at collecting the judgment. Mr. Hamrell is self-employed by a number of corporations he owns, none of which have had consistent earnings and/or a sizable bank account. (Nichter Decl. ¶ 6).

Mr. Hamrell is currently married to Anna Hamrell ("Mrs. Hamrell") and was married at the time the debt was incurred. (Nichter Decl. ¶¶ 3 and 7). They have been married since at least 2008, and she is not a debtor in this case. (Nichter Decl. ¶ 7). Plaintiff has recently become aware of her current place of employment. (Nichter Decl. ¶ 8). Plaintiff thereby moves the Court for an order to garnish the earnings of Mr. Hamrell's non-debtor spouse to satisfy the judgment rendered against him.

### II. ARGUMENT

#### A. Community Assets are Liable for Debt of the Spouse

Family Code § 910(a) provides:

"Except as otherwise expressly provided by statute, the community estate is liable for a debt incurred by either spouse before or during marriage, regardless of which spouse has the management and control of the property and regardless of whether one or both spouses are parties to the debt or to a judgment for the debt."

On January 30, 2012, Plaintiff obtained a summary judgment against Defendant Joshua Hamrell from this Court. (Nichter Decl. ¶ 3, Exhibit "A"). On January 18, 2022, Plaintiffs received a renewal of judgment in the County of Los Angeles against Defendant Joshua Hamrell. (Nichter Decl. ¶ 4, Exhibit "B").

The balance due on this judgment is $375,000.00, plus the post judgment costs and accrued interest. Mr. Hamrell is paid via commission rather than a consistent salary, while his wife Mrs.

Hamrell is currently self-employed by Anna Hamrell, LCSW, Inc. in Agoura Hills, California with a more consistent income stream. (Nichter Decl. ¶ 8). Her earnings are community property. Pursuant to Family code § 910(a), Plaintiff seeks to collect from the community assets to satisfy this judgment.

### B. A Party May Move the Court for an Earnings Withholding Order Against a Non-debtor Spouse's Wages

The Court has the authority to order the garnishment of a non-debtor spouse's earnings. California Code of Civil Procedure §706.109 provides: "an earnings withholding order may not be issued against the earnings of a spouse of the judgment debtor except by court order upon noticed motion." Notice of this motion will be personally served on the judgment debtor as well as his wife, Mrs. Hamrell. (Nichter Decl. ¶ 9). Therefore, Plaintiff moves the Court for an order allowing for the garnishment of Mrs. Hamrell's earnings for payment of her husband's debt owed to Plaintiff.

### III.    CONCLUSION

Family code § 910(a) allows a judgment creditor to collect from the community assets to satisfy the debts of a community spouse. California Code of Civil Procedure § 706.109 vests this court with the authority to grant a motion to withhold earnings against the non-debtor spouse of the judgment debtor. Accordingly, Plaintiff requests this court to grant an order to garnish the earnings of Anna Hamrell, the non-debtor spouse of judgment debtor Joshua Hamrell and the garnishment made under this order continue until the judgment specified in Austin Nichter's Declaration, plus post judgment costs and accrued interest, are fully satisfied.

Dated: October 21, 2022

FELDSOTT & LEE

BY: _/s/ Austin Nichter_
Austin Nichter
Attorney for Plaintiff

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
23161 Mill Creek Drive, Suite 300, Laguna Hills, CA 92653

A true and correct copy of the foregoing document entitled (*specify*): Plaintiff Wayne D. Dabney's Notice of Motion and Motion for Order to Garnish Non-Debtor Spouse's Wages; Memorandum of Points and Authorities

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) __10/21/2022__, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
- Hon. Maureen A. Tighe - U.S. Bankruptcy Court - 21041 Burbank Blvd, Suite 324, Woodland Hills, CA 91367.
- Lindsey B. Green - 5743 Corsa Avenue, Suite 111, Westlake Village, CA 91362
- Anna Hamrell - 26500 Agoura Road, Suite 102, Calabasas, CA 91302-3571

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/21/2022 | Ivan K. Reyes | /s/ Ivan K. Reyes |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE